## Commonwealth *v.* Tryon, Appellant.

*Criminal law—Banks and banking—Receiving deposits when insolvent—Charge.*

On the trial of an indictment against a banker for accepting a deposit when insolvent, the prisoner cannot complain that the trial judge failed to give due prominence to the question of the prisoner's knowledge of the insolvency, where the court in the course of its charge said: "If he did not have such knowledge, if he believed honestly, as a prudent man in his

position would, that he had sufficient assets to be converted into cash that would meet his obligations, then he would not be guilty of the offense charged. This is a question of fact for you from the testimony in the case."

On the trial of such an indictment it is proper to permit the commonwealth to show that the defendant was engaged in a mercantile business, and that as soon as any money was received in this business, he hastened to transfer it to the bank in order to meet incoming checks.

*Trial—Objection to evidence—Practice, C. P.*

A trial court ought not to be convicted of error for doing or not doing that to which no objection was made at the time, and no request subsequently to rectify.

*Evidence—Witness—Expert—Land value.*

A witness is not qualified as an expert as to the value of real estate in a borough where his only knowledge is based on information which he had received as to the rental of the real estate in question, without any knowledge as to the condition of the property, or as to its need of repair, and without anything to show that his information as to rental was correct.

The books of assessment of a borough are not evidence to fix values of real estate in the borough.

Argued March 12, 1906. Appeal, No. 100, April T., 1906, by defendant, from judgment of Q. S. Crawford Co., May T., 1905, No. 17, on verdict of guilty in case of Commonwealth v. D. W. Tryon. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER; JJ. Affirmed.

Indictment against a banker for accepting deposits when insolvent. Before THOMAS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were (1–3) rulings on evidence referred to in the opinion of the Superior Court; (5, 6) in refusing a new trial "when the evidence was overwhelmingly in favor of the defendant as to his actual knowledge of his, and the bank's insolvency, at the time of the commission of the offense charged."

*Wesley B. Best*, with him *Alfred G. Church*, for appellant.

*C. Victor Johnson*, district attorney, with him *Gerry T. Kincaid*, for appellee.

OPINION BY BEAVER, J., May 23, 1906:

The defendant's counsel make their principal argument for a reversal upon the fifth and sixth assignments of error, which both relate to the refusal to grant a new trial, and this upon the ground that, " The evidence was overwhelmingly in favor of the defendant as to his actual knowledge of his, and the bank's, insolvency at the time of the commission of the offense charged."

Several careful readings of the charge of the court and of its opinion, refusing to grant a new trial, have failed to raise in our mind even a suspicion of bias or prejudice on the part of the court against the defendant. Wherever the testimony of the commonwealth, tending to establish guilt, was called to the attention of the jury, the defendant's explanation of the facts which might tend to negative the knowledge of his insolvency were at the same time clearly and carefully stated. In commenting upon the testimony as to the amount of the defendant's assets, not only were the estimates of the witnesses for the commonwealth given, but also those of the defendant himself and of his witnesses, and, in addition, the discrepancy between the estimates of the defendant, as contained in his testimony, and those accompanying his assignments, both as an individual and for the bank, was explained by the court in the charge, so that no prejudice based upon anything except the discrepancy itself would be created in the minds of the jury.

The appellant's counsel, in their argument, say : " Our main contention is that the verdict was wholly against the weight of the evidence, and, while for the sake of argument we may concede that there was some evidence offered on the part of the commonwealth making it necessary for the jury to pass upon it and that offered by the defendant, especially as the jury is to judge both of the law and the facts, we respectfully submit, and conscientiously believe, that the testimony as a whole was almost overwhelmingly in favor of the defendant."

If such was the fact the jury had the benefit of it in the charge of the court. It was fair, calm, lucid, judicial. The court gave due prominence to the knowledge of the insolvency, upon which the appellant's counsel particularly dwell, saying : " If he did not have such knowledge, if he believed honestly,

as a prudent man in his position would, that he had sufficient assets to be converted into cash that would meet his obligations, then he would not be guilty of the offense charged. This is a question of fact for you from the testimony in the case."

The witness Houghtailing, the rejection of whose testimony as a real estate expert is complained of in the first assignment of error, failed to show any such knowledge of the value of real estate in Spartansburg as qualified him to give an opinion. The only ground upon which he attempted to qualify was the information which he had received as to the rentals of the real estate. Whether the information was correct did not appear, and the condition of the property, as to need of repair, etc., which necessarily entered into the question of value, was not given. He clearly had not sufficient knowledge of the value of property in that neighborhood to testify as an expert: Friday v. Penna. R. R. Co., 204 Pa. 405; Grier v. Homestead Boro. 6 Pa. Superior Ct. 542.

Nor do we see any error in the refusal of the court to allow the books of assessment of Spartansburg borough to be offered in evidence to fix values: Hanover Water Co. v. Ashland Iron Co., 84 Pa. 279.

We confess to some difficulty, at first sight, with the second assignment of error, relating to the reception of the testimony of Emory Blakeslee, a former partner of the defendant in the grocery business. He was asked: " Q. When you were in the grocery store, what was done by Mr. Tryon relative to the funds in the store ? Defendant's counsel: What is the object of this ? Commonwealth's counsel: What was done relative to the money in the grocery store, relative to depositing it in the bank ? Defendant's counsel object. I do not think it is relevant. Commonwealth's counsel: For the purpose of showing that Mr. Tryon was short in the bank and was trying to transfer the funds in the grocery business into the bank to pay checks that came into the bank. Defendant's counsel object. By the Court: Bill of exceptions sealed for the defendant. Commonwealth's counsel: Q. What did Mr. Tryon do ? Witness: What about ? Counsel: With the funds of the partnership ? A. As fast as we took in money he wanted it right over in the bank. Q. He wanted to get it in the bank ?

A. Yes, sir.  Q. What did he do ?  A. Why, he deposited it there." This ended the testimony embraced in the offer which was both competent and relevant.

There was some testimony later as to a conversation between defendant and the witness as to a division of the money after the partnership bills were paid, and as to the reasons which induced him to make this proposition. This testimony was clearly not embraced in the offer. It was not the subject of any new offer. No. objection was made to it and no exception taken; nor was any motion made to strike it out. The court below, therefore, ought not to be convicted of error for doing or not doing that to which no objection was made at the time and no request subsequently to rectify. This, in our opinion, satisfactorily disposes of this assignment.

Viewing the record in its entirety, we cannot see that we are called upon to interfere.

Judgment affirmed, and the record remitted, to the end that the sentence of the court below may be carried into effect.